# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| ESTATE OF BRANDON ALEX, through personal representative Detreasure Coker, and DETREASURE COKER, individually and as surviving mother of Brandon Alex, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> T-MOBILE US, INC., f/k/a MetroPCS Communications, Inc.; T-MOBILE USA, INC.; T-SYSTEMS NORTH AMERICA, INC.; and DEUTSCHE TELEKOM NORTH AMERICA, INC., <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | Civil Action No. 3:17-cv-2622-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand. (ECF No. 19). For the reasons stated below, the Motion is **DENIED**.

## I. Factual and Procedural Background

On March 11, 2017, Brandon Alex was injured when he "fell from a daybed." (Am. Compl. ¶ 12, ECF No. 10). His babysitter found him "breathing too faintly." (*Id.*) The babysitter repeatedly dialed 9-1-1 from her cellphone, but was placed on hold each time. (*Id.* ¶ 13). Collectively, the babysitter was placed on hold for more than forty minutes. (*Id.*) Unable to connect to the 9-1-1 dispatcher, the babysitter contacted Brandon Alex's grandmother, Bridget Alex, who later drove him to an emergency room. (*Id.* ¶¶ 13-14). Unfortunately, Brandon Alex was pronounced dead soon after arriving at the hospital. (*Id.* ¶ 14).

Plaintiffs instituted this action in the 95th Judicial District, Court of Dallas County, Texas, for claims arising from Brandon Alex's death. Defendants removed the case on the basis of diversity jurisdiction.[1] (Not. of Removal, ECF No. 1). After removal, Plaintiffs filed an amended pleading that joined the City of Dallas as a defendant. (ECF No. 10). Arguing that joinder of the City breaks complete diversity, Plaintiffs move to remand for lack of subject matter jurisdiction. (ECF No. 19). T-Mobile responds that the joinder was improper and moves to strike from the pleading all claims against the City. (ECF No. 22).

## II. Legal Standard

A plaintiff must seek leave before amending any pleading that would divest the court of subject matter jurisdiction. *See Irigoyen v. State Farm Lloyds*, 2004 WL 398553, at *1 (S.D. Tex. Jan. 5, 2004) ("Ignoring clear Fifth Circuit precedent, the Plaintiffs in this case improperly filed their actual first amended complaint, joining nondiverse parties, instead of filing a motion for leave to file an amended complaint."). The plaintiff must do so even if the amendment is made as a matter of course under Federal Rule of Civil Procedure 15(a). *See Whitworth v. TNT Bestway Transp. Inc.*, 914 F. Supp. 1434, 1435 (E.D. Tex. 1996).

If, after removal, an amendment would join a non-diverse defendant, the court may "deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). In making this decision, the court should consider (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not

---

[1] Plaintiffs are citizens of Texas, and Defendants are, in some combination, citizens of Delaware, Washington, Illinois, and New Jersey. (*See* Not. of Removal at 6-7). Plaintiffs allege damages "exceed[ing] $1,000,000." (*Id.* at 6). The removal is not contested by Plaintiffs, and the Court assumes *arguendo* that removal was proper under 28 U.S.C. § 1441.

allowed; and (4) any other factors bearing on the equities. *See Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

### III. Analysis

#### a. Motion to Remand

Plaintiffs and the City of Dallas are all citizens of Texas. *See Interstate Contracting Corp. v. City of Dallas, Tex.*, 320 F.3d 539, 540 (5th Cir. 2003). Because there is not complete diversity, joining the City as a defendant divests the Court of subject matter jurisdiction. Accordingly, Plaintiffs were required to seek leave before filing the Amended Complaint, even if they could file it as a matter of course under Rule 15(a). *See Whitworth*, 914 F. Supp. at 1435 ("[A] party may not employ Rule 15(a) to interpose an amendment that would deprive the district court of jurisdiction over a removed action."). Because Plaintiffs did not do so, joining the City was improper. Furthermore, for the reasons state below, the Court denies Plaintiffs' request for leave to join the City.

##### i. Whether the Purpose of the Amendment Is To Defeat Jurisdiction

In evaluating this factor, courts consider the viability of the proposed claims alleged against the new defendant, the timing of the plaintiff's attempt to add the defendant, and whether the plaintiff knew or should have known the identity of the new defendant prior to removal. *See Appliance All., LLC v. Sears Home Appliance Showrooms, LLC*, 2015 WL 9319179, at *5 (N.D. Tex. Dec. 23, 2015). The factor typically favors joinder if the proposed claims are viable. *See Patton v. Ortho Dev. Corp.*, 2013 WL 2495653, at *2 (N.D. Tex. June 10, 2013). However, even when the plaintiff asserts viable claims, if "the timing of the proposed amendment suggests [the plaintiff's] principal purpose is to destroy diversity," the factor weighs against joinder. *Andrews Restoration, Inc. v. Nat'l Freight, Inc.*, 2015 WL 4629681, at *5 (N.D. Tex. Aug. 4, 2015). In

particular, when a plaintiff did not seek to include a non-diverse defendant from the beginning of the litigation but seeks to add one "shortly after removal, but prior to any additional discovery, [that indicates] that the amendment is sought for the purpose of defeating diversity." *Andrews Restoration, Inc.*, 2015 WL 4629681, at *4 (finding notable that a plaintiff "waited until nine days after removal, and almost two months after commencing suit" to add non-diverse parties).

Here, the circumstances surrounding Plaintiffs' Motion suggest that the amendment is sought for the purpose of defeating diversity jurisdiction. Plaintiffs provide no explanation for why they waited nearly three weeks after removal to join the City, despite knowing the basis of their claims against it. (*See* Pl. Mot. at 3, ECF No. 19 ("From the outset, it should have been apparent to the T-Mobile entities that diversity was incomplete because the City of Dallas is also a proper party to this litigation.")). This raises serious doubts about Plaintiffs' motives. *See also Patton*, 2013 WL 2495653, at *2 ("[W]hen a plaintiff had reason to know about her proposed claims before removal, and fails to provide a "persuasive explanation" for her delay in asserting those claims, it is more likely than not that she sought joinder to defeat jurisdiction."). This factor therefore weighs in favor of denying leave.

### ii. Whether Plaintiffs Have Been Dilatory

Courts often find that a plaintiff has not been dilatory when the plaintiff amends the complaint "before any trial or pre-trial dates were scheduled and no significant activity beyond the pleading stage has occurred." *Andrews Restoration*, 2015 WL 4629681, at *6. True, this case has been stayed pending the Court's resolution of Defendants' Motion to Dismiss, and the Court has not entered a scheduling order. (ECF No. 13). Plaintiffs, however, knew that the City was a "proper party to this litigation" from the onset of litigation, but chose not to seek joinder until much later. *See also Gallegos v. Safeco Ins. Co. of Ind.*, 2009 WL 4730570, at *4 (S.D.

4

Tex. Dec. 7, 2009) (finding that the plaintiff was dilatory where "the motion to amend was filed approximately two months after the state court action was filed and just shy of thirty days after removal, and [plaintiff] had ample information about [proposed defendant's] identity and involvement in [the underlying controversy] before [plaintiff] filed the suit in state court"). Accordingly, this factor weighs in favor of denying leave.

### iii. Whether Plaintiffs Will Be Significantly Injured

In evaluating this factor, courts consider the "cost, judicial efficiency, and possible inconsistency of results" that might result if a plaintiff is forced to try two related claims in different courts." *Andrews Restoration*, 2015 WL 4629681, at *6–7. However, the plaintiff must show that it will be "significantly" injured if the court denies joinder. *Id.*

Plaintiffs here argue that they will be significantly injured because they will be forced to litigate separately in state court. This reason, by itself, is not enough. Plaintiffs must show more, such as that their prospect of recovery would be enhanced by joining the City in this case. *See Ewans v. Wells Fargo Bank, N.A.*, 2008 WL 4998945, at *2 (N.D. Tex. Nov. 21, 2008) ("If they wish, Plaintiffs may pursue claims against [proposed defendant] in a separate state court lawsuit, which would obviously generate additional expense and parallel litigation, but there is insufficient evidence to conclude that such a burden would cause significant injury. Plaintiffs may still recover against [proposed defendant] in state court in a separate proceeding."). Accordingly, this factor weighs in favor of denying leave.

### iv. Any Other Equitable Factors

Finally, the Court must consider any "unique circumstances presented" by the parties. *Andrews Restoration*, 2015 WL 4629681, at *7. To permit joinder here would deprive Defendants "of the forum they properly invoked." *See Akbani v. TRC Engineers, Inc.*, 2009 WL

5

2614473, at *1 (N.D. Tex. Aug. 25, 2009). Moreover, denying leave would promote judicial efficiency since this case is to be consolidated with an almost identical case pending before this Court. *See Bridget Alex v. T-Mobile USA, Inc.*, No. 3:17-cv-1532-M (N.D. Tex., filed Sept. 25, 2017). Accordingly, this factor weighs in favor of denying leave.

### b. Request for Attorney's Fees

Plaintiffs request attorney's fees in connection with Defendants' removal. Absent unusual circumstances, attorney's fees should not be awarded when the removing defendant has an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 135 (2005). Plaintiffs do not argue that removal was improper; Plaintiffs only cursorily state that remand was "inevitable." (*See* Pl. Mot. at 4). Because Plaintiffs have not demonstrated that removal was objectively unreasonable, and because indeed it was not, the Court declines to award attorney's fees. *See also Gibson v. Liberty Ins. Corp.*, 2017 WL 3268028, at *11 (N.D. Tex. July 31, 2017).

## IV. Conclusion

Given the balance of the factors discussed above, the Court will not permit Plaintiffs to join the City of Dallas.[2] All claims asserted against the City in the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**, and the City's Motion to Dismiss is **DENIED** as moot. Since there is complete diversity, Plaintiffs' Motion to Remand is **DENIED**. Furthermore, Plaintiffs' request for attorney's fees is **DENIED**.

---

[2] The Court further notes that the Amended Complaint does not comply with Federal Rule of Civil Procedure 10(a), which states that "[t]he title of the complaint must name all the parties." The City of Dallas is not listed in the title of the Amended Complaint and thus is not properly a party to this case. *See, e.g., Jordan v. Bailey*, 2016 WL 6679484, at *2 (S.D. Ill. Nov. 14, 2016) ("When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice."); *Bakari v. May*, 2011 WL 1743728, at *1 n.1 (S.D. Ohio May 6, 2011) ("Courts have concluded that a party that is not named in the caption of an amended complaint is not a party to the action."); *Blasingim v. Hill*, 2008 WL 11320088, at *2 (N.D. Ga. Sept. 8, 2008) ("Accordingly, if the caption of the complaint fails to identify an individual or entity as a party, that individual or entity is not a defendant in the lawsuit.").

**SO ORDERED**.

February 21, 2018.

_____
**BARBARA M. G. LYNN
CHIEF JUDGE**